**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JODY B. FARMER AND PATRICIA FARMER,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**OCWEN LOAN SERVICING, LLC; EQUIFIRST CORPORATION; AZTEC FORECLOSURE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; AFFLUENT LENDING INCORPORATED; TERRY ELLEN COLEMAN, AND DOES 1-20 INCLUSIVE,**<br><br>    **Defendants.** | NO.   1:09-CV-1506 AWI-DLB<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>(Docs. Nos. 11 and 14) |

On September 21, 2009, Defendants Ocwen Loan Servicing, LLC ("Ocwen") filed a Rule 12(b)(6) motion to dismiss Jody B. Farmer and Patricia Farmer's ("Plaintiffs") complaint. On September 30, 2009, Equifirst Corporation ("Equifirst") filed a Rule 12(b)(6) motion to dismiss. See Court's Docket Docs. No. 11 and 14. Hearing on Ocwen's motion was previously set for November 2, 2009. Equifirst's motion was set for November 9, 2009. However, on October 22, 2009, Plaintiffs filed an amended complaint. No Defendant has filed any answer in this case.

Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). "A motion to dismiss is not a 'responsive

pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995); see also Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th Cir. 2005).  A motion to strike also does not constitute a responsive pleading. Neifeld v. Steinberg, 438 F.2d 423, 425 n.3 (3d Cir. 1971); Phillips v. Borough of Keyport, 179 F.R.D. 140, 145-46 (D.N.J. 1998).  Thus, where a motion to dismiss or motion to strike is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court.  Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3; Neifeld, 438 F.2d at 425, n.3.  An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); see also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Here, the Defendants did not file answers, but instead filed motions to dismiss.  As no prior amended complaints have been filed, Plaintiffs were entitled to file their amended complaint as a matter of course under Rule 15(a).  The amended complaint supersedes the original complaint, and the original complaint is treated as non-existent.  Since Defendants' motions attack Plaintiffs' original and now "non-existent" complaint, Defendants' motions are now moot.

Accordingly, IT IS HEREBY ORDERED that Defendants' motions to dismiss, which are Document Numbers 11 and 14 on the Court's docket, are DENIED as moot.

IT IS SO ORDERED.

**Dated:    October 23, 2009**               /s/ **Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE