# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY B. FARMER AND PATRICIA FARMER,<br><br>    Plaintiffs,<br>    v.<br><br>OCWEN LOAN SERVICING, LLC; EQUIFIRST CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AZTEC FORECLOSURE CORPORATION; DEUTSCHE BANK NATIONAL, AS TRUSTEE FOR THE REGISTERED HOLDERS OF SOUNDVIEW HOME LOAN TRUST 2006 EQ2 ASSET BACKED CERTIFICATES, SERIES 2006-EQ2; AFFLUENT LENDING INCORPORATED; TERRY ELLEN COLEMAN; LARRY CARL NYSTROM; AND DOES 1-20, inclusive,<br><br>    Defendants. | NO.   1:09-CV-1506 AWI-DLB<br><br>ORDER GRANTING DEFENDANTS OCWEN'S MOTION TO DISMISS AND EQUIFIRST'S MOTION TO DISMISS<br><br>(Doc. Nos. 21 and 23) |

## HISTORY[1]

Jody B. Farmer and Patricia Farmer (collectively "Plaintiffs") claims arise from the

refinance of a loan secured by real property located at 4039 West Princeton Avenue, Fresno,

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained herein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

California ("Property").  On or about October 24, 2006, Plaintiffs allege that Defendant Terry Ellen Coleman ("Coleman") approached Plaintiffs and solicited them to refinance their residence.  Defendant Coleman informed Plaintiffs that he was a broker for Defendant Affluent Lending Inc. ("Affluent Lending").  Coleman advised Plaintiffs that he could get them the "best interest rates" available on the market.  Plaintiffs allege that they told Coleman that they wanted to refinance their loan to a fixed rate loan.  Coleman guaranteed Plaintiffs an affordable fixed rate loan.  Coleman sold Plaintiffs an adjustable rate loan with an initial rate of 7.24% and capping at 13.24% and a prepayment rider.

Coleman told Plaintiffs that "if the loan ever became unaffordable, he would simply refinance it into an affordable loan."  Plaintiffs allege that Coleman falsified Plaintiffs' income on the loan application and hid this fact from Plaintiffs.[2]  Plaintiffs allege that they were not given a copy of the loan documents prior to closing and were not given a proper notice of cancellation.  At closing, Plaintiffs were only given a few minutes to sign the loan documents and the notary did not explain the documents, nor were Plaintiffs allowed to review them.

On October 24, 2006, Plaintiffs completed the loan transaction.  The Deed of Trust identified Defendant Equifirst Corporation ("Equifirst") as the lender and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), erroneously named as Mortgage Electronic Registration System, Inc., as the beneficiary and nominee for the lender.  Defendant Ocwen Loan Servicing, LLC ("Ocwen") is the current servicer for Plaintiffs' loan.  Defendant Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee for the registered holders of Soundview Home Loan Trust 2006 EQ2 Asset-Backed Certificates, Series 2006-EQ2, erroneously named as Deutsche Bank National Trust Company, is the current beneficiary under the terms of the Deed of Trust.

In May 2009, foreclosure proceedings were initiated following Plaintiffs' default on their loan.  A Notice of Default and Election to Sell were recorded on May 5, 2009.  Subsequently, a

---

[2] Plaintiffs allege that Coleman stated on the loan application that Plaintiffs made $13,715 per month when, in fact, their net income was approximately $7500 per month.

Substitution of Trustee, naming Aztec Foreclosure Corporation ("Aztec") as the foreclosure trustee, was recorded on August 10, 2009. A Notice of Trustee's Sale was recorded on August 10, 2009.

On August 26, 2009, Plaintiffs filed a complaint in this court. On October 22, 2009, Plaintiffs filed an amended complaint. Plaintiffs essentially allege that Defendants Affluent Lending, Coleman, Larry Carl Nystrom ("Nystrom"), in concert with Equifirst, placed Plaintiffs into a toxic loan. Plaintiffs also allege that Defendants failed to follow the requirements for a transfer of a negotiable instrument and an interest in real property, and that no interest was ever legally transferred to any Defendant.

Plaintiffs' First-Amended Complaint ("FAC") alleges causes of action for: (1) Violation of Truth-in-Lending Act ("TILA")-Rescission and Statutory Damages against Defendant Equifirst; (2) Violation of California Rosenthal Act ("RFDCPA") Cal. Civil Code §1788 against Defendant Ocwen; (3) Negligence against all Defendants; (4) Violation of Real Estate Settlement Procedures Act ("RESPA") against Defendants Equifirst and Ocwen; (5) Breach of Fiduciary Duty against Defendants Coleman, Affluent Lending, Equifirst, and Nystrom; (6) Fraud against all Defendants; (7) Violations of California Business & Professions Code § 17200 ("UCL") against all Defendants ; (8) Breach of Contract or in the alternative Rescission of Contract against Defendants Coleman, Nystrom, and Equifirst ; (9) Breach of Implied Covenant of Good Faith and Fair Dealing against Defendants Coleman, Nystrom, and Equifirst; and (10) Wrongful Foreclosure against Defendants Ocwen, Aztec, and Deutsche Bank.

Defendants Ocwen, Equifirst, Deutsche Bank and MERS now move to have the case dismissed for failure to state a claim. Plaintiffs filed an opposition on December 22, 2009.

On December 23, 2009, the court took the matter under submission without oral argument.

## LEGAL   STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

3

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949; see Twombly, 550 U.S. at 570; see

also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Further, under the "incorporation by reference" doctrine, courts may review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000). The "incorporation by reference" doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the

contents of that document in the complaint." Knievel, 393 F.3d at 1076 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DISCUSSION[3]

The basis of Plaintiffs' suit is their contention that the Defendants placed them into a toxic loan. Plaintiffs also contend that the Defendants do not own the loan and are not persons entitled to enforce the security interest under the Note and Deed of Trust, as defined under Cal. Code § 3301. See FAC ¶48. Plaintiffs contend that no legal transfer of the loan occurred. Plaintiffs also allege that Defendants failed to provide copies of the TILA disclosure statement, Notices of Right to Cancel ("NRC") and various other disclosures. See FAC ¶54.

**I.  First Claim for Relief under TILA-Rescission and Statutory Damages**

Plaintiffs' Argument

Plaintiffs allege that they are entitled to rescission of their loan because Defendant Equifirst violated TILA by: (a) not providing required disclosures prior to consummation of the transactions; (b) failing to make the disclosures clearly and conspicuously; (c) failing to timely deliver TILA notices; and (d) failing to disclose all finance charge details and the annual percentage rate. See FAC ¶73.

---

[3] The Plaintiffs' complaint is predominantly rooted in state law. There are only two federal claims and eight state law claims. At this stage, the court will only address the two federal claims. Plaintiffs will be given time to amend their claims as described in the order section below. However, if Plaintiffs are unable to successfully amend their federal claims and cure the deficiencies, the court is not inclined to exercise supplemental jurisdiction over the remaining state law claims. Therefore, the Court will not address Plaintiffs' state claims at this time. If Plaintiffs can properly allege a federal cause of action, the court will address the state law claims through a subsequent defense motion.

Defendant Equifirst's Argument

Equifirst contends that Plaintiffs' TILA damage claim is barred by TILA's statute of limitations and Plaintiffs' TILA rescission claim fails for lack of tender of loan proceeds.

Discussion

Notwithstanding the fact that Plaintiffs appear to have abandoned their TILA claims as they fail to respond to Equifirst's arguments in their opposition, the court will address the TILA claims on the merits.

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). The failure to satisfy TILA's requirements subjects a lender to "statutory and actual damages [that are] traceable to a lender's failure to make the requisite disclosures." Id. (citing 15 U.S.C §1640). There is a one-year statute of limitations period in which to file an action for such damages. See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412. The one-year limitations period of "[15 U.S.C. §] 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).

Additionally, TILA "authorizes a borrower whose loan is secured with his 'principal dwelling,' and who has been denied the requisite disclosures, to rescind the loan transaction . . . ." Beach, 523 U.S. at 412 (citing 15 U.S.C. § 1635(a)). The right of rescission may last up to three years depending on when or if a lender delivers a statement containing the requisite TILA disclosures. Hefferman v. Bitton, 882 F.2d 379, 383 (9th Cir. 1989). However, the right of rescission is completely extinguished after three years from the date of the loan's consummation. 15 U.S.C. § 1635(f); Beach, 523 U.S. at 412, 419; Miguel v. Country Funding Corp., 309 F.3d 1161, 1163-64 (9th Cir. 2002).

For purposes of TILA, "consummation" is defined as "the time that a consumer becomes

7

contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).

Rescission Claim

As an initial matter, Plaintiffs' claim is not barred by the statute of limitations because they attempted rescission within the three-year limitations period. The loan closed on October 24, 2006, and it appears that Plaintiffs attempted to rescind on October 22, 2009. See FAC ¶72. This is within the three-year limitations period. See 15 U.S.C. § 1635(f); Beach, 523 U.S. at 412, 419; Miguel, 309 F.3d at 1163-64.

Nevertheless, Plaintiffs' rescission claim fails because they do not allege that they are financially capable of tendering the loan proceeds. In Yamamoto v. Bank of New York, the Ninth Circuit held that "in applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender.'" 329 F.3d 1167, 1171 (9th Cir. 2003). As explained in Yamamoto, the rescission provision of TILA, 15 U.S.C. §1635(a), and implementing regulation 12 C.F.R. § 226.23,

> provides that the borrower is not liable for any finance or other charge, and that any security interest becomes void upon such a rescission. The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property.

329 F.3d at 1170. The Ninth Circuit held that the "statute need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceeds." Id. at 1171.

Here, Plaintiffs concede that they cannot allege that they have the ability to tender. See Plaintiffs' Opp. Brief at page 30. As such, their rescission claim fails. See Farmer v. Countrywide Financial Corp., 2009 WL 1530973, at *5 (C.D. Cal. May 18, 2009) (granting defendant's motion to dismiss because plaintiffs did not allege that they had tendered or were financially capable of tendering the loan's principal balance); Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995, at *3 (N.D. Cal. Apr. 8, 2009) (same); Garza v. American Home Mortg.,

2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) (same).

Accordingly, Equifirst's motion to dismiss is granted as to Plaintiffs' claim for rescission under TILA. Dismissal will be without leave to amend as Plaintiffs concede that they do not have the ability to tender and pay back what they have received.

Statutory Damages

Plaintiffs filed their TILA damages claim beyond the one-year limitations period. As described above, the loan closed on October 24, 2006, and Plaintiffs filed their TILA claim on October 22, 2009. Dismissal is appropriate. See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412; King, 784 F.2d at 915. Because Plaintiffs have presented no opposition to Equifirst's arguments, the Court will dismiss the claim without leave to amend.

**II.    Fourth Claim for Relief-RESPA**

Ocwen

Plaintiffs' Argument

Plaintiffs allege that Ocwen violated RESPA § 2605(e)(2) by failing to provide a proper response to Plaintiffs' Qualified Written Request ("QWR").

Ocwen's Argument

Ocwen argues that Plaintiffs do not allege that their QWR meets the requirements of a valid QWR under the RESPA statute. Ocwen contends that Plaintiffs' QWR allegations are too vague and merely legal conclusions.

Discussion

Plaintiffs' QWR claim fails because the claim consist of nothing more than conclusory allegations that Ocwen violated RESPA. Plaintiffs' allegations are not supported by any facts. In general, under 12 U.S.C. §2605(e), a loan servicer has a duty to respond to a borrower's valid QWR. Section 2605 provides in pertinent part: "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . ." See 12 U.S.C. §2605(e)(1)(a).

Section 2605 further provides that:

> a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(b).

In the instant matter, although Plaintiffs allege that Ocwen has not responded to a QWR, Plaintiffs fail to allege that their correspondence constituted a valid QWR as defined by the statute. Tina v. Countrywide Home Loans Inc., 2008 WL 4790906, at *6 (S.D. Cal. 2008) (dismissing borrowers' RESPA QWR claim where they did not specifically plead they ever sent a written correspondence meeting RESPA's QWR requirements). Further, Plaintiffs concede that they "are not certain at this time exactly which of [the] Defendants were actually the servicer of the Loan at any given time." See FAC ¶99. Plaintiffs' inability to allege whether Ocwen was the loan servicer at the time in question is troubling because under RESPA § 2605, only a loan servicer has a duty to respond to a borrower's inquiries. Equally troubling is the fact that Plaintiffs have not alleged that the correspondence, in addition to seeking to rescind the loan, requested information related to servicing. See FAC ¶101. A loan servicer only has a duty to respond if the information request is related to loan servicing. See Champlaie v. BAC Home Loans Servicing, LP, 2009 WL 3429622, at *7 (E.D. Cal. Oct. 22, 2009).

However, because Plaintiffs have not plead that their correspondence was a QWR and not plead that information related to servicing was requested, dismissal is appropriate. Plaintiffs' RESPA claim as to Ocwen is dismissed without prejudice as it is not clear that amendment would be futile.

Equifirst

Plaintiffs' Argument

Plaintiffs allege that Equifirst violated RESPA by failing to correctly and accurately comply with disclosure requirements.

10

<u>Equifirst's Argument</u>

Equifirst argues that RESPA contains no private right of action for a disclosure violation.

<u>Discussion</u>

Equifirst is correct in that "RESPA contains no private right of action for violations of disclosure requirements." <u>Mamerto v. Deutsche Bank Nat'l Trust Co.</u>, 2009 U.S. Dist. LEXIS 46988 (S.D. Cal. June 4, 2009); 12 U.S.C. § 2505(f). Because there is no private right of action, the RESPA claim against Equifirst will be dismissed with prejudice.

## **ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss are GRANTED as follows:

1. Plaintiffs' TILA claim is DISMISSED without leave to amend;
2. Plaintiffs' RESPA claim against Equifirst is DISMISSED without leave to amend;
3. Plaintiffs' RESPA claim against Ocwen is DISMISSED with leave to amend; and
4. Plaintiffs are to file and serve their amended complaint on or by February 17, 2010.

<u>IT IS SO ORDERED.</u>

**Dated:   February 4, 2010**            /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE

11