# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY B. FARMER AND PATRICIA FARMER,<br><br>Plaintiffs,<br>v.<br><br>OCWEN LOAN SERVICING, LLC; EQUIFIRST CORPORATION; AZTEC FORECLOSURE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; AFFLUENT LENDING INCORPORATED; TERRY ELLEN COLEMAN, AND DOES 1-20 INCLUSIVE,<br><br>Defendants. | NO. 1:09-CV-1506 AWI-DLB<br><br>ORDER CLOSING CASE |

On February 5, 2010, this court issued an order ("February 5 Order"), which dismissed Plaintiffs' federal claims. Specifically, the court dismissed Plaintiffs' Truth-in-Lending Act ("TILA") claim against Defendant Equifirst without leave to amend and dismissed Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim against Defendants Equifirst without leave to amend, and with leave to amend as to Ocwen. The court permitted Plaintiffs to file and serve their amended complaint by February 17, 2010. The February 5 Order also forewarned Plaintiffs that if they did not successfully amend their federal claims and cure the deficiencies, the court was not inclined to exercise supplemental jurisdiction. See Doc. No. 41 at page 6. On February 17, 2010, Jody B. Farmer and Patricia Farmer (collectively "Plaintiffs") complied with

the court's order and filed a Second-Amended complaint.

The basis of the Court's subject matter jurisdiction was the presence of a federal question. See First-Amended Complaint at ¶ 1. The Second-Amended complaint, however, omits any allegation regarding the Court's subject matter jurisdiction and also no longer alleges any federal causes of action.[1] In other words, Plaintiffs have dropped all of their federal claims. All that remains in the active complaint are state law claims. See Second-Amended Complaint. Since the Second-Amended complaint contains no federal claims, "there [are] no claims to which the state claims could be supplemental." Wellness Cmty. Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995); see Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007). The Court no longer sees a basis for jurisdiction; therefore, dismissal of the complaint is appropriate. See Pintando, 501 F.3d at 1243-44; Wellness Cmty, 70 F.3d at 50; Boelens v. Redman Homes, Inc., 759 F.2d 504, 506-08 (5th Cir. 1985); cf. 28 U.S.C. § 1367(c)(3); Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that:
1. This case is dismissed without prejudice to refiling in state court; and
2. The Clerk shall CLOSE the case.

IT IS SO ORDERED.

**Dated:   February 19, 2010**             /s/ **Anthony W. Ishii**
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court notes that there has never been any allegation of diversity jurisdiction.